IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. WILLIS and KENDRICK OWENS, | ) ) ) | |
| Plaintiffs, | ) ) | No. 09 C 4208 |
| v. | ) ) | Judge Joan H. Lefkow |
| WILLIAM J. LEPINE, DERECK R. GLOWACKI, and CITY OF CHICAGO, | ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiffs Michael A. Willis and Kendrick Owens filed suit against the City of Chicago and two Chicago police officers, William Lepine and Derek Glowacki, for false arrest, illegal search, and malicious prosecution. Plaintiffs alleged that Officers Lepine and Glowacki arrested them without probable cause on the evening of February 26, 2006 and that, incident to this arrest, they were subject to a strip search and other humiliating procedures at a Chicago police station. Plaintiffs further alleged that Officers Lepine and Glowacki falsely accused them of possessing a controlled substance, ecstasy, and then maliciously prosecuted them for the crime of conspiracy to manufacture or deliver a controlled substance. After a three-day trial, the jury rendered a verdict in favor of defendants on all claims. Before the court are plaintiffs' motions to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) or, in the alternative, for a new trial pursuant to Federal Rule of Civil Procedure 59(a), arguing that defense counsel committed misconduct during closing statements and during the cross-examination of plaintiffs that severely prejudiced the presentation of plaintiffs' case. Plaintiffs and defendants have both

1

filed motions for sanctions against their opponent. *See* Dkt. #64, 69. For the following reasons, plaintiffs' motions for a new trial and to set aside judgment are denied. Plaintiffs' motion for sanctions is denied. Defendants' motion for sanctions is denied.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b)(3) authorizes the court to relieve a party from a final judgment for " . . . misrepresentation, or misconduct by an opposing party." A party moving for relief under Rule 60(b)(3) must prove that: (1) it presented a meritorious claim at trial, and (2) because of fraud, misrepresentation, or misconduct of the adverse party, (3) it was not ably to fully and fairly present its case at trial. *Wickens* v. *Shell Oil* Co., 620 F.3d 747, 758–59 (7th Cir. 2010); *Lonsdorf* v. *Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). Rule 60(b)(3) applies to both intentional and unintentional misrepresentations. *Lonsdorf*, 47 F.3d at 897. "In considering these requirements, a court must weigh the competing policy interests of the finality of judgment against fundamental fairness in light of all the facts." *Id.* A plaintiff requesting relief under Rule 60(b)(3) "need show only that [the misconduct] affected his ability to present his case, not that he would have won had the . . . misconduct not occurred." *Ty Inc.* v. *Softbelly's, Inc.*, 353 F.3d 528, 536 (7th Cir. 2003).

Federal Rule of Civil Procedure 59(a) permits the court, "on motion, [to] grant a new trial on all or some of the issues – and to any party – . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). When the moving party has requested a new trial because of attorney misconduct,

2

the court's inquiry under Rule 59(a) is similar to its inquiry under Rule 60(b)(3).[1]  *See Wharf* v.

*Burlington Northern R. Co.*, 60 F.3d 631, 637 (9th Cir. 1995) ("The standards for granting new

trials are essentially the same under both rules, although a Rule 59 motion, because it must be

made within 10 days, may require a slightly lower showing than a motion under Rule 60.");[2]

*White* v. *Anthology, Inc.*, No. 08 C 1371, 2009 WL 4215096, at *2 (N.D. Ill. Nov. 16, 2009)

("Neither side suggests that the standard for determining a motion for new trial based on

introduction of false testimony differs from that for determining a motion to vacate a judgment

under Rule 60(b)(3) on those grounds, so the Court will apply the same standard."); *United

States* v. *Cinergy Corp.*, No. 1:99-cv-1693-LJM-JMS, 2008 WL 7679914, at *11 (S.D. Ind. Dec.

18, 2008) (analyzing motion filed under Rule 59(a) using the standard articulated by the Seventh

Circuit for Rule 60(b)(3)).  The court will grant a new trial where "the trial was not fair to the

party moving."  *Davis* v. *FMC Corp., Food Processing Mach. Div.*, 771 F.2d 224, 232–33 (7th

Cir. 1985).  "The misconduct of counsel . . . justifies a new trial where that misconduct

prejudiced the adverse party."  *Id.* at 233 (quoting *Wiedemann* v. *Galiano*, 722 F.2d 335, 337

---

[1] When a party alleges fraud as a basis for relief, the moving party's burden may be higher under Rule 60(b)(3) because there are cases holding that fraud must be proved by "clear and convincing evidence."  *See Lonsdorf*, 47 F.3d at 897; *Metlyn Realty Corp.* v. *Esmark, Inc.*, 763 F.2d 826, 832 (7th Cir. 1985); *United States* v. *Cinergy Corp.*, No. 1:99-cv-1693-LJM-JMS, 2008 WL 7679914, at *11 (S.D. Ind. Dec. 18, 2008) (discussing the higher burden imposed by the Rule 60(b)(3) clear and convincing standard of proof).  The Seventh Circuit, however, has questioned whether the clear and convincing standard should be applied if the moving party asserts "other misconduct," rather than fraud, as grounds for relief under Rule 60(b)(3).  *Ty, Inc.*, 353 F.3d at 536 ("These cases may be inapplicable to witness tampering, if it is not fraud but other misconduct.  They may even be wrong, for as the Supreme Court emphasized in *Grogan* v. *Garner*, 498 U.S. 279, 288–89, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991), most federal laws do not require proof by clear and convincing evidence, but only by a preponderance of the evidence.").  The evidentiary standard is not at issue in this case because the alleged misconduct took place in open court and the transcript provides an accurate record of the relevant facts.

[2] *Wharf* examined a prior version of Rule 59(a).  The deadline is now 28 days to file a motion for a new trial under Rule 59(a).

(7th Cir. 1983)); *Falk* v. *Paluch*, 163 F.R.D. 8, 9 (N.D. Ill. 1995). In assessing whether the misconduct prejudiced the jury's decision, the court's inquiry is limited by Federal Rule of Evidence 606(b), which prohibits a juror from testifying regarding deliberations or any mental and emotional reactions that occurred during deliberations. *Wiedemann*, 722 F.2d at 337.

## ANALYSIS[3]

The court will examine plaintiffs' Rule 60(b)(3) and 59(a) motions together, as plaintiffs rely on identical arguments in support of each motion and the applicable legal standards are substantially the same. Plaintiffs first assert that defense counsel improperly led the jury to believe that plaintiffs were gang members and drug dealers by making a prejudicial speaking objection during plaintiffs' rebuttal closing statement. The transcript reflects the following exchange between plaintiffs' counsel, defense counsel, and the court:

> MS. DYMKAR: Each one of these plaintiffs' witnesses, including the plaintiffs, got on the stand and told you who they are. They're working people. They're honest people. You didn't hear anything about anybody having a criminal record or background or anything negative about anybody. They came and told you the truth. . . . And the ridicule that [defense counsel] gives about this neighborhood. If these kids were bad kids, you'd know. He would have wanted you to know that they were doing drugs and were gang bangers and they were doing drugs and –
>
> MR. NOWICKI: Objection, your Honor. We're not allowed to introduce that, and counsel knows that. She threw that in the opening close, and she threw it in again. We can't bring that to the jury.

---

[3] Defendants argue that plaintiffs' motion for a new trial is untimely because the jury returned a unanimous verdict on January 13, 2011 and plaintiffs did not file their motion until February 15, 2011. Rule 59(b) provides, "A motion for a new trial must be filed no later than 28 days after the entry of judgment." Federal Rule of Civil Procedure 58(c) states that "judgment is entered . . . when the judgment is entered in the civil docket." The judgment in this case was entered on the civil docket on January 19, 2011. *See* Dkt. #62. Therefore plaintiffs' motion for a new trial was timely.

| | | |
|---|---|---|
| MS. DYMKAR: | | Your Honor, I object to that statement. There is nothing here. |
| THE COURT: | | All right. I overrule the objection. Go ahead. |
| MS. DYMKAR: | | Thank you. If there were negative things, you would have heard about them. We have got positive things. Good family, church, jobs, and he's complaining about that. He said this is embellishing. |

01/13/11 Tr. at 23:11–24:11. Defense counsel's speaking objection was highly improper because counsel had no evidence that plaintiffs were "gang bangers" or "doing drugs," but it implied the contrary: that there was evidence regarding plaintiffs' prior criminal activities that had been excluded from evidence. Moreover, the statement was not true, as the court had not excluded evidence of either plaintiff's activities of this sort.

This court is not persuaded, however, that defense counsel's misconduct prejudiced plaintiffs such that they were not able to fully and fairly present their case at trial. *See Lonsdorf*, 47 F.3d at 897 (discussing Rule 60(b)(2)); *Davis*, 771 F.2d at 233 (discussing Rule 59(a)). The misconduct occurred during closing argument. It did not interfere with the presentation of plaintiffs' evidence, nor was it false evidence or incorrect legal argument that was left uncorrected during the course of trial. *Compare with Ty Inc.*, 353 F.3d at 536 (witness tampering); *Lonsdorf*, 47 F.3d at 897 (presentation of altered document); *Davis*, 771 F.2d at 233–34 (defendant impermissibly argued contribution between joint tortfeasors, and verdict showed that the jury had been confused); *White*, 2009 WL 4215096, at *1–2 (false testimony); *Cinergy Corp.*, 2008 WL 7679914, at *11–12 (defendant's non-disclosure of consulting relationship with former employee- witness while relying on theme that the opponent's witnesses were paid expert witnesses in contrast to the defendant's own employee- and former employee-witnesses). Ms. Dymkar immediately objected to the objection and announced, "There is nothing

here." After Mr. Nowicki's objection was overruled, Ms. Dymkar continued, "If there were negative things, you would have heard about them." The court's ruling and plaintiffs' counsel's additional statements mitigated the prejudice that resulted from defense counsel's objection. *See Soltys* v. *Costello*, 520 F.3d 737, 745 (7th Cir. 2008) ("[I]mproper comments during closing argument rarely rise to the level of reversible error. . . . [C]urative instructions to the jury mitigate harm that may otherwise have resulted from improper comments during closing argument." (quotations and citations omitted)); *Gruca* v. *Alpha Therapeutic Corp.*, 51 F.3d 638, 644 (7th Cir. 1995) ("Improper remarks during a closing argument warrant reversal of judgment only if the remarks 'influenced the jury in such a way that substantial prejudice resulted to' the opposing party." (quoting *Arcor, Inc.* v. *Textron, Inc.*, 960 F.2d 710, 713 (7th Cir. 1992))); *Falk*, 163 F.R.D. at *9 (denying motion for new trial where counsel made "unfounded and inappropriate" objections during plaintiff's closing statement but objections had been overruled and were harmless error).

Plaintiffs also argue that defense counsel flouted the court's ruling on the parties' motions *in limine* by asking questions that were intended to imply that Brandon Thompson, who was arrested with plaintiffs, had been convicted of dealing drugs. Thompson was twenty-two years old at the time and, after his arrest, was charged with manufacture or delivery of a controlled substance. Thompson entered into a plea bargain in which he agreed to plead guilty in exchange for a sentence of twenty-four months' probation. Thompson also had two prior convictions and had previously been arrested. The court had ruled *in limine* that evidence of Thompson's guilty plea and prior arrests and convictions could only be admitted for impeachment purposes if Thompson were to testify and if plaintiffs were to raise the issue during their case-in-chief. *See*

6

Dkt. #50. The court explained that "plaintiffs would be greatly prejudiced by the admission of this evidence because the jury might impute Thompson's admitted guilt to plaintiffs." *Id.* Plaintiffs argue that defense counsel violated the court's evidentiary rulings by "inserting Brandon Thompson's name and his implied guilt at every possible opportunity" during the trial.

Specifically, plaintiffs argue that defense counsel impermissibly asked plaintiffs "why Thompson had not filed suit against defendants," "why Thompson was not called as a witness," and "why Thompson was in the neighborhood at the time" of the arrest. After the close of trial, plaintiffs found a signed note from one of the jurors that states, "Can we find out what was the disposition of the Brandon Thompson case?" Pls.' Rule 60(b)(3) Mot., Ex. B.

Although evidence of Thompson's background was excluded, Thompson was still important to presentation of the case because he was standing with plaintiffs in front of plaintiffs' home when the incident occurred, a fact plaintiffs themselves acknowledged. In defendants' version of events, shortly before the arrest of plaintiffs and Thompson, Officers Lepine and Glowacki received a call from their dispatcher who described a person who was selling drugs in a parking lot. They testified that the description matched Thompson's physical appearance, that they did surveillance in the area, observed plaintiffs yelling, "X," "X," (a reference to Ecstacy) near Thompson, and that they found drugs in a vacant lot. Officers Lepine and Glowacki testified that they observed Thompson receive money from someone and they believed it was a sale of drugs. Defense counsel argued that the calls of "X" and the apparent transaction gave them probable cause to arrest, and that they found drugs when searching plaintiffs at the scene. Plaintiffs' counsel, during closing statements, vigorously disputed the officers' testimony, that the description in the alleged citizen report matched the physical characteristics of Thompson, *see*

7

1/13/11 Tr. at 11:22–12:11, 14:18–15:3, 22:3–9, and thoroughly disputed the multiple inconsistencies between their version and other evidence in the case.

The court's analysis of defense counsel's cross-examination questions is hampered in that plaintiffs have not submitted any relevant excerpts of the trial transcript with their motion. For example, the court's notes reflect that defense counsel asked Kendrick Owens, "To your knowledge, has Brandon ever filed a lawsuit against these police officers?" This question is different from plaintiffs' characterization of the question, carrying somewhat less impact than "why" Thompson had not filed a lawsuit. Nonetheless, these questions were plainly intended, similar to the objection discussed above, to imply that Thompson was the individual seen to have been selling drugs in the area. It was an improper effort to evade the court's ruling.

Although the conduct is unbecoming of counsel, even without the questions, it would have been clear to the jury that Thompson had not joined plaintiffs' suit and was not called as a witness. In the end, the jury must have believed the officers' testimony that they had been in search of someone presently selling drugs. That accepted, it was not a stretch of logic for the jury to conclude that the missing Thompson was that someone. Plaintiffs' counsel chose the strategy to exclude the evidence about Thompson rather than let it in and confront it. Particularly where plaintiffs do not assert that they objected to the improper questions, this court is not persuaded that plaintiffs were prevented from fully presenting their case at trial. *See Deppe* v. *Tripp*, 863 F.2d 1356, 1364 (7th Cir. 1988) (party must object to errors to preserve them for review); *Davis*, 771 F.2d at 232–33 (district court may grant motion for new trial where "the trial was not fair" to the moving party); *Ty Inc.*, 353 F.3d at 536 (moving party must show that misconduct "affected his ability to present his case" before court can set aside judgment).

Plaintiffs argue that the juror note shows that defense counsel's conduct had an adverse effect on the jury by causing them to focus unduly on Thompson. Federal Rule of Evidence 606(b) precludes the admission of a juror's testimony or statement concerning "any matter . . . occurring during the course of the jury's deliberations or . . . concerning the juror's mental processes in connection therewith." Fed. R. Evid. 606(b). Plaintiffs have not cited any authority to support the conclusion that the court can consider the note as part of its assessment of defense counsel's comments. Consistent with Rule 606(b), the court will not consider the note as evidence that defense counsel's comments prejudiced the jury. *See United States* v. *Berry*, 92 F.3d 597, 601 (7th Cir. 1996) ("[A] district court must ignore a juror's comment regarding how a particular piece of material disposed a juror toward a particular verdict, and the district court must make an independent determination of the likely effect of the extraneous material."); *Wiedemann*, 722 F.2d at 337 (inquiry into whether misconduct prejudiced the adverse party must be limited to evidence admissible under Rule 606(b)). Even if it were considered, however, for reasons explained in the preceding paragraph, the jury had other reasons to wonder about Thompson.

For these reasons, the court concludes that the misconduct of defense counsel, neither individually or together, justifies a new trial or relief from judgment.

## II.    Motions for Sanctions

Defendants, in their response to plaintiffs' Rule 59(a) motion, request sanctions under Federal Rule of Civil Procedure 11 because plaintiffs' counsel supposedly misrepresented the date when the court's judgment was "entered" on the case docket. The court's publicly-available electronic docketing system shows that judgment was indeed "entered" on January 19, 2011, even though it was "dated" January 13. Defendants' patently meritless request for sanctions will be

9

denied. The court has also stricken the last paragraph of page seven of defendants' response to plaintiffs' Rule 60(b)(3) motion, which serves little purpose other than to sling mud at opposing counsel. In the future, defense counsel should refrain from injecting personal animosity towards plaintiffs' counsel into their briefs. *See also* Defs.' Br. at 7 (referring to plaintiffs' counsel as being "bitter about her loss" and exhorting the court to "decline to indulge her appetite" for a "second bite at the apple").

Plaintiffs request sanctions under Rule 60(b)(3), specifically attorneys' fees and costs. Plaintiffs further request that the court order that fees and costs be assessed personally to defense counsel pursuant to 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Plaintiffs' motion will be denied in light of the court's ruling on the merits of their Rule 60(b)(3) motion.

## CONCLUSION AND ORDER

Plaintiffs' motions for a new trial [#66] and to vacate judgment [#64] are denied. Plaintiffs' motion for sanctions [#64] is denied. Defendants' motion for sanctions [#69] is denied.

Dated: April 29, 2011　　　　　Enter: _____
　　　　　　　　　　　　　　　　　　JOAN HUMPHREY LEFKOW
　　　　　　　　　　　　　　　　　　United States District Judge

10